UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLINA BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.   4:10CV1112 RWS |
| | ) | |
| CASEY'S GENERAL STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Carolina Bailey slipped and fell when she was leaving Defendant Casey's General Stores, Inc.'s place of business.  A portion of concrete was missing from the curb in front of Casey's store at the time.  In addition, there is evidence that a mat was placed over the missing concrete.  Baily alleges that the missing concrete caused her fall.  She asserts that Casey's was negligent for failing to repair the curb or to warn others of its condition.

Casey's has designated an expert witness, Keith Vidal, to testify at trial that missing curb created a unreasonably dangerous condition in front of the store.  Casey's has moved to exclude Vidal as a witness under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

Federal Rule of Evidence 702 permits an expert witness to testify if the expert's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."  However, "where the subject matter is within the knowledge or experience of lay people, expert testimony is superfluous."  Pelster v. Ray, 987 F.2d 514, 526 (8th Cir. 1993)(internal quotations and citation omitted).  If an untrained layman, acting as a juror, is qualified to intelligently determine a particular issue without the help of an expert, then expert testimony on the issue is inappropriate.  Id.

Jurors in the present case will be able to draw their own conclusions about the safety of

the broken curb in front of Casey's store based on their normal life experiences. They will use their own experience and the testimony of eyewitnesses to determine if the broken curb was an unreasonably dangerous condition. Expert testimony on this issue would be superfluous.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Casey's motion to exclude the testimony of Keith Vidal as an expert witness [# 112] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of September, 2012.